```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF WISCONSIN
```

CARLOS KING, THADDEUS KAROW, JAMES
PRICE, CRAIG ALAN SUSSEK, and VICTORIANO
HEREDIA, on behalf of themselves and all others
similarly situated,

                          Plaintiffs,
    v.

STEVEN LANDREMAN, Acting Chairperson and         OPINION and ORDER
Commissioner of the Wisconsin Parole Commission;
DANIELLE LACOST, Commissioner of the Wisconsin         19-cv-338-jdp
Parole Commission; DOUGLAS DRANKIEWICZ,
Commissioner of the Wisconsin Parole Commission,
KEVIN CARR, Secretary-Designee of the Wisconsin
Department of Corrections; and MARK HEISE,
Director of the Bureau of Classification and Movement,
in their official capacities,

                          Defendants.

Plaintiffs Carlos King, Thaddeus Karow, James Price, Craig Alan Sussek, and Victoriano Heredia have filed a proposed class action on behalf of themselves and other similarly situated Wisconsin prisoners who committed crimes as juveniles and were sentenced to life in prison before 2000. Plaintiffs allege that they have all reached their parole eligibility date, but state officials have denied them a meaningful opportunity to obtain release, in violation of their right to due process under the Fourteenth Amendment, their right to be free from cruel and unusual punishment under the Eighth Amendment, and their right to a jury trial under the Sixth Amendment. Plaintiffs allege that defendants are Wisconsin officials who have input into parole decisions and procedures.

Because plaintiffs are prisoners, the court must screen the complaint to determine whether it states a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. The court

will allow plaintiffs to proceed on claims under the Eighth Amendment and Fourteenth Amendment. But plaintiffs must more fully explain the basis for their claim under the Sixth Amendment.

As a threshold matter, it does not appear that plaintiffs' claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), which prohibits prisoners from challenging the validity of their confinement in the context of a federal civil action. In this case, plaintiffs are not seeking release as a remedy. And a ruling in their favor would not necessarily imply that their confinement is invalid. Rather, plaintiffs are seeking to be reevaluated for parole consideration under different criteria, which is not barred by *Heck*. *See Wilkinson v. Dotson*, 544 U.S. 74, 76 (2005) (challenge to parole procedures may be brought in federal civil rights action).

Plaintiffs' Eighth Amendment claim relies on *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), *Miller v. Alabama*, 567 U.S. 460 (2012), and *Graham v. Florida*, 560 U.S. 48 (2010), which, taken together, hold that it is cruel and unusual under most circumstances to impose a sentence of life imprisonment without the possibility of parole on those who were under the age of 18 at the time they committed their crimes. Plaintiffs cite the statement in *Graham* that the state must provide "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation," 560 U.S. at 75, and they allege that defendants have failed to provide that meaningful opportunity by failing to consider the factors required by the Supreme Court. That is sufficient to state a claim under the Eighth Amendment.

Plaintiffs' due process claim relies on the same case law. Although the Supreme Court has held that the Due Process Clause does not apply to discretionary parole decisions, *e.g.*, *Board of Pardons v. Allen*, 482 U.S. 369, 375 (1987); *Greenholtz v. Inmates of Nebraska Penal &*

*Corr. Complex*, 442 U.S. 1, 11 (1979), plaintiffs contend that the Supreme Court has narrowed defendants' discretion by requiring them to provide a meaningful opportunity for plaintiffs to obtain release if they have demonstrated maturity and rehabilitation. Other courts have accepted that contention. *E.g., Brown v. Precythe*, No. 17-cv-4082-NKL, 2017 WL 4980872, at *12 (W.D. Mo. Oct. 31, 2017). Because plaintiffs allege that Wisconsin's procedures do not provide plaintiffs a meaningful opportunity to make the necessary showing, the court concludes that plaintiffs have stated a plausible claim under the Due Process Clause.

Plaintiffs' claim under the Sixth Amendment relies on a line of cases beginning with *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Those cases stand for the proposition that "[t]he Sixth Amendment reserves to juries the determination of any fact, other than the fact of a prior conviction, that increases a criminal defendant's maximum potential sentence." *South Union Co. v. United States*, 567 U.S. 343, 346 (2012). Plaintiffs allege that defendants have denied them parole based on facts about their crimes that were not found by a jury or established by a guilty plea. But all of the cases plaintiffs cite are challenges to a prisoner's sentence, not to a parole decision. Courts considering similar challenges to parole decisions have rejected the challenges on the ground that the denial of parole before a prisoner has served his full term is not an increase in the prisoner's maximum sentence; the right to a jury trial does not apply to parole determinations; and there is no authority for extending *Apprendi* to the parole context. *See Genniro v. Salazar,* No. SA CV 08-543JVS (E), 2008 WL 4962861, at *9 (C.D. Cal. Oct. 20, 2008) (collecting cases). *See also Villareal v. Swarthout*, No. CIV S-11-2499 GEB, 2011 WL 5104472, at *2 (E.D. Cal. Oct. 26, 2011). Accordingly, the court will direct plaintiffs to show cause why their claim under the Sixth Amendment should not be dismissed for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiffs are GRANTED leave to proceed on the following claims: (1) defendants have failed to provide plaintiffs a meaningful opportunity for release, in violation of the Eighth Amendment; and (2) defendants' procedures for making parole decisions are not sufficient to give plaintiffs a meaningful opportunity to obtain release, in violation of the Due Process Clause.

2. Plaintiffs may have until June 18, 2019, to show cause why their claim under the Sixth Amendment should not be dismissed for failure to state a claim upon which relief may be granted.

3. The court will defer service until it makes a decision on whether plaintiffs may proceed on their Sixth Amendment claim.

Entered June 4, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge