IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARLOS KING, THADDEUS KAROW, JAMES
PRICE, CRAIG ALAN SUSSEK, and VICTORIANO
HEREDIA, on behalf of themselves and all others
similarly situated,

        Plaintiffs,
 v.

STEVEN LANDREMAN, Acting Chairperson and    OPINION and ORDER
Commissioner of the Wisconsin Parole Commission;
DANIELLE LACOST, Commissioner of the Wisconsin    19-cv-338-jdp
Parole Commission; DOUGLAS DRANKIEWICZ,
Commissioner of the Wisconsin Parole Commission,
KEVIN CARR, Secretary-Designee of the Wisconsin
Department of Corrections; and MARK HEISE,
Director of the Bureau of Classification and Movement,
in their official capacities,

        Defendants.

---

  Plaintiffs are Wisconsin prisoners who contend that state officials are denying them a meaningful opportunity to obtain release, in violation of their right to be free from cruel and unusual punishment under the Eighth Amendment, their right to due process under the Fourteenth Amendment, and their right to a jury trial under the Sixth Amendment. The court has screened the complaint in accordance with 28 U.S.C. § 1915A and allowed plaintiffs to proceed on each of their claims. Dkt. 6.

  Two competing motions are now before the court: (1) defendants' motion to dismiss the case, or, in the alternative, to stay the case pending a decision in *Mathena v. Malvo*, No. 18-217 (U.S.), Dkt. 11; and (2) a motion to set a scheduling conference to begin discovery, Dkt. 19. The court is persuaded that *Mathena* could have a significant effect on the outcome

of this case, so the court will grant the motion to stay and deny the motion to set a scheduling conference.

ANALYSIS

Most of plaintiffs' claims in this case rest on three Supreme Court decisions: *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), *Miller v. Alabama*, 567 U.S. 460 (2012), and *Graham v. Florida*, 560 U.S. 48 (2010). In *Graham*, the Court held that the Eighth Amendment prohibits a juvenile offender convicted of a nonhomicide crime from being sentenced to life in prison without the possibility of parole. In *Miller*, the Court held that the Eighth Amendment prohibits a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders. In *Montgomery*, the Court held that *Miller* has retroactive effect in cases on collateral state review.

The plaintiffs in this case allege that they were juveniles at the time they committed their crimes. None of them were sentenced to life in prison without parole and they are not challenging the validity of their sentences. Instead, plaintiffs are asking the court to extend *Montgomery*, *Miller*, and *Montgomery* to the parole context. Specifically, plaintiffs contend that those cases require the parole commission to give plaintiffs a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation" and that defendants have failed to provide that opportunity by repeatedly relying on improper criteria to deny plaintiffs parole.

Defendants seek a stay of this case pending a decision in *Mathena v. Malvo*, No. 18-217 (U.S.), on the ground that *Mathena* could be dispositive of many of plaintiffs' claims. In *Malvo v. Mathena*, 893 F.3d 265 (4th Cir. 2018), the court of appeals interpreted *Miller* and

*Montgomery* as applying not just to sentencing schemes in which life without parole is a required sentence but also to situations in which imposing life without parole is a matter of discretion:

> To be sure, all the penalty schemes before the Supreme Court in both *Miller* and *Montgomery* were mandatory. Yet the *Montgomery* Court confirmed that, even though imposing a life-without-parole sentence on a juvenile homicide offender pursuant to a mandatory penalty scheme necessarily violates the Eighth Amendment as construed in *Miller*, a sentencing judge also violates *Miller*'s rule any time it imposes a discretionary life-without-parole sentence on a juvenile homicide offender without first concluding that the offender's "crimes reflect permanent incorrigibility," as distinct from "the transient immaturity of youth." And we are not free to conclude, as the Warden argues, that *Montgomery*'s articulation of the *Miller* rule was mere dictum. To the contrary, *Montgomery* stated clearly that, under *Miller*, the Eighth Amendment bars life-without-parole sentences for all but those rare juvenile offenders whose crimes reflect permanent incorrigibility. Indeed, this scope was the basis for its holding that *Miller* announced a substantive rule that applies retroactively to cases on collateral review. And because *Montgomery* explicitly articulated the rule in *Miller* that it was retroactively applying, the district court could not have violated *Teague* in applying that rule. The Warden may well critique the Supreme Court's ruling in *Montgomery*—as did Justice Scalia in dissent, but we are nonetheless bound by *Montgomery*'s statement of the *Miller* rule.

*Malvo*, 893 F.3d at 274 (internal citations omitted). The question presented in *Mathena* is whether the Fourth Circuit erred in concluding that *Miller* and *Montgomery* apply to discretionary sentencing schemes. *See* Petition for Writ of Certiorari, at i, *Mathena v. Malvo*, 2018 WL 3993386. And that was a significant issue discussed during the oral argument before the Supreme Court. *See* Transcript of Oral Argument, at 15–17, 25–26, 36–39, 46, 47–48, *Mathena v. Malvo*, 2019 WL 5212705. Because Wisconsin has a discretionary sentencing scheme (it doesn't require a life-without-parole sentence under any circumstance) and none of the plaintiffs were sentenced to life without the possibility of parole, defendants contend that

*Mathena* could foreclose relief to plaintiffs if the Supreme Court determines that the rule from *Miller* and *Montgomery* doesn't apply to discretionary sentencing schemes like Wisconsin's.

In response, plaintiffs say that *Mathena* "cannot possibly resolve the issues presented here because the[] questions [in this case] have not been raised in" *Mathena*. Dkt. 16, at 53. But that is incorrect. It is true that the Supreme Court is not being asked to decide whether *Miller* and *Montgomery* apply to the parole context. But the Eighth Amendment claim of any plaintiff convicted of homicide rests on an assumption that *Miller* and *Montgomery* apply to discretionary sentencing schemes. So any Eighth Amendment claim of a plaintiff convicted of homicide would fail if the Supreme Court limits *Miller* and *Montgomery* to mandatory sentencing schemes. Although plaintiffs are also raising claims under the Due Process Clause and the Sixth Amendment, plaintiffs rely on *Miller* and *Montgomery* for those claims too. *See* Dkt. 16, at 34 ("[U]nder *Graham*, *Miller* and *Montgomery*, juvenile lifers have a liberty interest in a meaningful parole review." (internal quotations and alterations omitted)); *id.* at 44–45 (relying on *Miller* and *Montgomery* for Sixth Amendment argument).

Because the scope of *Miller* and *Montgomery* is a central issue in this case, and the Supreme Court will be addressing the scope of *Miller* and *Montgomery* in *Mathena*, it makes sense to stay this case pending a decision in *Mathena*. This court has taken this approach before. *See, e.g.*, *Whitford v. Gill*, No. 15-cv-421-jdp, 2019 WL 294800, at *2 (W.D. Wis. Jan. 23, 2019) (granting partial stay in light of two pending cases before the Supreme Court); *Lewis, J. v. Epic Sys. Corp.*, No. 15-cv-82-bbc, 2017 WL 3575648, at *1 (W.D. Wis. Feb. 8, 2017) (staying case pending Supreme Court decision); *Wisconsin Club for Growth, Inc. v. Myse*, No. 10-cv-427-wmc, 2010 WL 4024932, at *8 (W.D. Wis. Oct. 13, 2010) (staying case pending a decision from the Wisconsin Supreme Court). Particularly because plaintiffs are seeking an

extension of current law, allowing plaintiffs' claims to proceed before receiving guidance from the Supreme Court could lead to a significant waste of party and judicial resources.

Plaintiffs point out that one of them, Craig Sussek, was convicted of attempted homicide rather than homicide, so his claim rests on *Graham* rather than *Miller* and *Montgomery*. But one plaintiff's claim isn't a persuasive reason to allow the entire case to go forward. If plaintiffs believe that Sussek is not similarly situated to the other plaintiffs and he can litigate his claims without relying on *Miller* or *Montgomery*, plaintiffs may file a motion to sever Sussek's claims under Federal Rule of Civil Procedure 42 so his claims can proceed.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion to set a scheduling conference, Dkt. 19, is DENIED.

2. Defendants' motion to dismiss the case, or, in the alternative, to stay the case, Dkt. 11, is DENIED as to the motion to dismiss and GRANTED as to the motion to stay.

3. This case is STAYED pending a decision in *Mathena v. Malvo*, No. 18-217 (U.S.). Once the Supreme Court decides *Mathena*, the court will seek input from the parties regarding how this case should proceed.

Entered November 14, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge