IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARLOS KING, THADDEUS KAROW, JAMES
PRICE, CRAIG ALAN SUSSEK, and VICTORIANO
HEREDIA, on behalf of themselves and all others
similarly situated,

        Plaintiffs,

 v.

STEVEN LANDREMAN, Acting Chairperson and    OPINION and ORDER
Commissioner of the Wisconsin Parole Commission;
DANIELLE LACOST, Commissioner of the Wisconsin    19-cv-338-jdp
Parole Commission; DOUGLAS DRANKIEWICZ,
Commissioner of the Wisconsin Parole Commission,
KEVIN CARR, Secretary-Designee of the Wisconsin
Department of Corrections; and MARK HEISE,
Director of the Bureau of Classification and Movement,
in their official capacities,

        Defendants.

---

  Plaintiffs are Wisconsin prisoners who contend that state officials are denying them a meaningful opportunity to obtain release, in violation of their right to be free from cruel and unusual punishment under the Eighth Amendment, their right to due process under the Fourteenth Amendment, and their right to a jury trial under the Sixth Amendment. The case was stayed pending a resolution in *Mathena v. Malvo*, No. 18-217 (U.S.), but the Supreme Court has dismissed *Mathena* without deciding the merits. *See Mathena v. Malvo*, 140 S. Ct. 919 (2020). Now defendants move to maintain the stay because the Supreme Court has granted certiorari in another case that they say raises similar issues. *See Jones v. Mississippi*, 140 S. Ct. 1293 (2020).

  The court declines to keep the stay in place. The Supreme Court will not hear *Jones* until next term, so it could be more than a year before there is a decision. The question presented in

*Jones* is "[w]hether the Eighth Amendment requires the sentencing authority to make a finding that a juvenile is permanently incorrigible before imposing a sentence of life without parole." The questions in this case are sufficiently distinct so that it is no longer equitable to continue the stay. Although *Jones* could provide some guidance in this case, it may not resolve the core questions. Under these circumstances, the balance of harms favor lifting the stay.

Two other issues are before the court. First, defendants ask the court to consider their motion to dismiss for failure to state a claim, which they filed before the court issued the stay. But the court already determined that the complaint states a claim when it conducted a screening in accordance with 28 U.S.C. § 1915(e)(2). Defendants are free to raise any of their arguments in a motion for summary judgment when there is a more developed record.

Second, the court previously denied plaintiffs' motion for class certification because they filed the motion while the stay was still in place. Now that the court is lifting the stay, the court will set briefing on the motion.

ORDER

IT IS ORDERED that:

1. Defendants' motion to continue the stay, Dkt. 21, is DENIED and stay is LIFTED.

2. Plaintiffs' motion for class certification, Dkt. 28, is REVIVED. Defendants may have until June 8, 2020, to file an opposition brief; plaintiffs may have until June 18, 2020, to file a reply.

3. The clerk of court is directed to set a telephone scheduling conference before Magistrate Judge Stephen Crocker.

Entered May 18, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge