IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

VICTORIANO HEREDIA, *et al.*,

        Plaintiff,

-against-

JOHN TATE II, *et al.*,

        Defendants.

Case No. 3:19-cv-00338-jdp

**ORDER AUTHORIZING DISCLOSURE OF**
**CLASS MEMBERS' CONFIDENTIAL INFORMATION**

    This action, filed April 30, 2019, alleges *inter alia*, that inmates sentenced as juveniles to life or to a *de facto* life sentence, with the possibility of parole, are being denied their right to a meaningful opportunity to be released on parole based on demonstrated maturity and rehabilitation, in violation of their Sixth, Eighth and Fourteenth Amendment rights. [Doc. 1] On October 20, 2020 the Court certified the case as a class action for injunctive and declaratory relief pursuant to Fed. R. Civ. P. 23(b)(2). [Doc. 53]. The Parties have begun to engage in discovery. Among the documents requested by counsel for the Plaintiffs are portions of class members' institutional files including, but not limited to, programming information and parole and classification decisions. These records may include protected educational information, personally identifying health ("PHI") information, and substance use disorder treatment information as defined by 42 C.F.R. Part 2 ("SUD information") (educational information, PHI, and SUD information collectively referred to as "Confidential Information").

    PHI protected by Wis. Stat. § 146.82 and educational information protected by 34 C.F.R. § 99.30 *et seq.* may be disclosed, without consent, upon a court order. Wis. Stat. § 146.82(2)(a)(4); 34 C.F.R. § 99.31(a)(9).

1

Title 42 C.F.R. Part 2 provides for confidentiality of SUD information, and § 2.64 sets forth the requirements for a court order authorizing the disclosure of SUD information. The patients whose SUD information is at issue must be given notice and an opportunity to respond in writing. 42 C.F.R. § 2.64(b). The Court may order disclosure if it finds that good cause exists (§ 2.64(d)) and its order must contain certain safeguards (§ 2.64(e)).

In this case, notice has been provided as required by the regulation. Per the stipulation of counsel, during the week of December 14–18, 2020, the Notice attached hereto will be distributed to each class member. The Notice provided that all class members currently incarcerated by the Wisconsin Department of Corrections have 20 days to object in writing to the disclosure of parole, classification, social services and program records that may reference SUD information, and thus be considered SUD records under 42 C.F.R. Part 2.

The Court finds that good cause exists for disclosure of the SUD information of class members who do not file written objections to such disclosure pursuant to the above notice procedure.[1] Given the allegations in this lawsuit, the Parties agree that counsel and experts for both sides may need access to class members' institutional records, which may contain SUD information. The SUD information itself may be relevant to the claims in this case; and even if it were not, the Parties take the position that it is not possible to segregate or redact SUD information from the often voluminous parole, classification, social services and program records of class members.

Accordingly, the Court finds that other ways of obtaining the information needed to resolve this case are not available, and that the public interest and the need for disclosure outweigh any possible injury from disclosure. *See* 42 C.F.R. § 2.64(d)(2); *Doe v. Meachum*, 126 F.R.D. 444, 450

---

[1] This Order is without prejudice to the right of the parties to seek disclosure, at some future time, of the SUD information of those class members who do file objections.

2

<br>(D. Conn. 1989) (ordering disclosure of HIV-positive prisoners "given that disclosure is sought by professional whose purpose it is to protect the constitutional rights of the plaintiff class, the court finds that it is more important to the interests of justice that the communications be disclosed, under the strict parameters set forth in the protective order, than that the relationship between patient and psychologist/psychiatrist be protected").

This order relates only to the disclosure of the confidential information described herein and does not enlarge or limit the scope of discovery under the Federal Rules of Civil Procedure. On August 13, 2020, the Court entered a Stipulated Protective Order [Docs. 49-50] covering all discovery in this case. The Court has reviewed that Protective Order and concludes that it satisfies the requirements that disclosure of SUD information be limited and appropriately safeguarded. *See* 42 C.F.R. § 2.64(e). The Protective Order is incorporated herein by reference and shall apply to all Confidential Information that is disclosed pursuant to the present Order. *See* 42 C.F.R. § 2.64(e); Wis. Stat. § 146.82(2)(a)(4); 34 C.F.R. § 99.31(a)(9).

**IT IS SO ORDERED.**

Entered DEC. 22, 2020.

BY THE COURT:

STEPHEN L. CROCKER
MAGISTRATE JUDGE